---

(No. 13476.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PETER KUSINSKI *et al.* Plaintiffs in Error.

*Opinion filed December 21, 1920—Rehearing denied Feb. 3, 1921.*

1. CRIMINAL LAW—*an admission properly in evidence and believed by the jury will justify verdict of guilty.* An admission of guilt of sufficient character and properly in evidence will authorize a verdict of guilty if the jury believe the testimony of police officers to whom the admission was made at the time of the arrest, although the defendants, on the trial, deny making the admission.

2. SAME—*when a verdict will sustain judgment of conviction.* Where there is but one count in an indictment for assault with intent to rob, a general verdict finding the defendants guilty "in manner and form as charged in the indictment" is sufficient to support a judgment of conviction. (*People v. Kuhn,* 291 Ill. 154, followed.)

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. ANTON T. ZEMAN, Judge, presiding.

FRANCIS BORRELLI, and THOMAS E. SWANSON, for plaintiffs in error.

EDWARD J. BRUNDAGE, Attorney General, MACLAY HOYNE, State's Attorney, and NOAH C. BAINUM, (EDWARD E. WILSON, and WILLIAM SCOTT STEWART, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiffs in error, Peter Kusinski and Stanley Kwiatkowski, young men twenty-one years of age, were convicted in the criminal court of Cook county of assault with intent

to rob John F. McGarrahan and were sentenced to serve indeterminate terms in the State reformatory at Pontiac. They prosecute this writ of error to reverse that judgment, contending principally that the evidence does not justify the verdict.

McGarrahan is manager of J. S. Giles & Sons, tin can manufacturers at 2432 West Sixteenth street, Chicago, Illinois. About 11:30 in the morning of September 26, 1919, while he was engaged in placing in the office vault a large sum of money just brought in to make up the pay-roll, two masked men entered the office and approached him. He picked up his gun and exchanged several shots with the men as they left the office. He notified police headquarters, and detective sergeants Jenner and Asnow reported at the plant and were there when the pay-roll was being distributed. During the afternoon the pay-roll was made up and the pay envelopes were laid out on the table to be distributed to the employees as they left the plant. About 4:50 o'clock P. M., just as the employees were passing by the table to receive their pay envelopes, two armed men appeared in the doorway, and sergeant Asnow, seeing them, shouted, "Here· they are again!" and the men ran. The officers followed them, exchanging many shots with them. Kusinski fell down the stairs and was arrested at the bottom. Sergeant Asnow took a revolver from him. Sergeant Jenner followed two other men who were running down an alley. One of the bullets from the sergeant's gun struck Kwiatkowski and he fell to the ground. The third man, known to the police as Berenski, escaped. Kwiatkowski was brought back to where sergeant Asnow held Kusinski, and sergeant Jenner asked him if they were there in the morning, and Kwiatkowski, in the presence of Kusinski, said, "Yes; we were here." Extra bullets were found in the pockets of Kwiatkowski but no gun was found on him. McGarrahan and sergeant Asnow went back to the spot where Kwiatkowski had been arrested and found his gun

hidden under a newspaper. A Scripps-Booth automobile, with its motor running and doors open, was standing in front of the factory. This was a stolen machine. Plaintiffs in error procured no money nor did they command McGarrahan to hold up his hands.

Plaintiffs in error both testified that they were not the men who entered the factory office in the morning and both refused to testify concerning their conduct in the afternoon, on the ground that their testimony would tend to incriminate them. They denied admitting to the officers their presence at the factory in the forenoon.

There was but one count in the indictment, and this count charged plaintiffs in error with assault with intent to rob. The verdict of the jury found them guilty "in manner and form as charged in the indictment." They contend, first, that the evidence does not prove them guilty of the charge beyond a reasonable doubt; and second, that the verdict is insufficient, in that it did not find that the assault was committed with intent to rob. The jury heard and saw the witnesses. If they believed the testimony of the police officers regarding the admission of plaintiffs in error, then that admission, together with all the facts and circumstances surrounding the arrest, clearly justified the verdict. The occurrences at the time of the arrest were connected with the assault in the morning by the admission of Kwiatkowski and were therefore properly admitted in evidence. All the contentions made by the plaintiffs in error are discussed and decided contrary to their contentions in *People v. Kuhn*, 291 Ill. 154. As we there said, the form of the verdict is sufficient to support the judgment.

Plaintiffs in error have had a fair trial, conducted without substantial error. Their guilt was clearly established. The judgment of the criminal court is therefore affirmed.

*Judgment affirmed.*